The opinion of the Court was delivered by

Mr. Justice Colcock.
I shall not consider the grounds in the order in which they were presented in the brief; but in the order in which they were presented on the trial. The first, and I may add the only important one. is whether the return, of ■“ nulla bona” against the *477 -administrators of a deceased sheriff, is a compliance with the spirit of the act of 1795. The act, after fixing the amount of the security to be given by the sheriff and directing that their bonds sliall be deposited in the treasury office, and that a copy certified shall be good and sufficient evidence in the courts of the state, in any suits to be instituted against them, concludes with, “ Provided nevertheless, it shall not be lawful for any person who shall conceive himself aggrieved by any sheriff, to commence' an action against the security hereby required to be given, until a return of ‘nulla bona’ shall have been made -on some execution, to be issued against the said sheriff, either at the suit of the person aggrieved or some other person;” ana adds that after such return, the securities shall not be entitled to an imparlance.
This is an alteration of the common law: it deprives the citizens of a common law right which they had to call on the securities of a sheriff, without even commencing an action against him, and ivas intended as a partial protection to "the securities; for when this course was pursued, the consequence was that the securities were driven to the necessity of suing in their turn their principal; ancl if he had any property, it was conceived to be but just that those who had been injured by him should be required in the first instance to take hold of that property, provided it could be obtained by the ordinary mode of proceeding — an execution against the goods. But the legislature never intended that the party injured should prove that the sheriff was insolvent; that he should be compelled to pursue a sheriff through all the courts of law, to ascertain if he had not some hidden treasure; for this in most cases (in all of those now before the court) would have amounted to a complete-protection to the sheriff. One who had a small demand, would be content to lose it, rather than expend his time and perhaps a greater amount of money than that which he claimed, in pursuit of it, An execution then against the estate of the sheriff, after his -death, proves as much as an execution against the estate of the sheriff during bis lifetime, viz: .that there is .no property of his which can be *478 found; and this is all the law intended to require of the party aggrieved, before he proceeded against the securities.
Now let us see to what residí the argument of the defendant’s counsel will lead. The law requires that there should be a return of nulla bona against the sheriff. The sheriff is dead; he died before the party aggrieved knew that he had sustained any injury by his acts. You cannot get an execution against a man after his death, therefore the plaintiff is remediless; the representatives of the deceased sheriff are to keep all the money he received before his death. Can it be believed that the legislature intended to produce such monstrous injustice? Again, the words of the act shew the meaning of the legislature, as well as the object which they had- in view. Their language accords with their intention. A nulla bona is required; now the return of a nulla bona is the return which is made on an execution against one’s goods (a fieri facias); it is therefore not an execution against the person which is required, and if against the goods, it may as well issue after his death as before.
The next ground of objection is, that the return of the sheriff is not sworn to. This was done before the evidence went to the jury, and that the court has the power to order the officer to complete bis return, cannot admit of a doubt. From the course of the argument, it appears as if the objection was intended to extend to the form of the return; but this would be futile indeed, when the return is in the very words of the act, I think I have shewn that it was not the intention of the legislature to require that the party aggrieved should prove that the sheriff was insolvent, before he proceeded against the securities; it is therefore unnecessary to examine whether this was or was not proven by the records against the administrators, or was or was not the fact.
As to the entry (made in the hand writing of the sheriff) being sufficient evidence to prove prima facie, the receipt of the inoney by him, little need be said The execution commands him to make the money, and he says by the word “ satisfied” that it has been made: it follows as a fair conclusion, that it was made by him. The practical result of this, will at once shew *479 the propriety of it. If the party aggrieved were required to pro-*' duce the sheriff’s receipt, where would he find it? In the possession of the plaintiff? Perhaps so. Then he must find the plaintiff; but perhaps it is not in Ms possession, as it might he in the possession of some other who had paid it for him, and he.must he. sought; whereas if the fact he that the money has been paid-away by the sheriff, he is in possession of the receipt; or if received by the plaintiff or the attorney, he must he in the possession of the order to enter the satisfaction.
IjCvij and Willie, for motion.
Starve, contra.
I come down to the last ground in arrest of judgment, and although it must be admitted that the verdicts are informal, yet they arc sufficient, when taken in connexion with the pleadings and evidence (which was full and complete as to the execution of the bond as required by the act) to justify a refusal of the motion. The words “ wc find for the plaintiff,” when not counteracted by any finding for the defendant, arc sufficient to convey the intention of the jury, that they meant to find for the plaintiff, on all the issues submitted. But in this case, the verdict of the jury, “we find for the plaintiff so much damages ” are conclusive of a finding for the plaintiff, on the issue of non est factum; for without such a finding, they could not have assessed the damages.